JAMES A. DWIGHT v. DAVID KALAUOKALANI, CITY AND COUNTY CLERK OF THE CITY AND COUNTY OF HONOLULU, TERRITORY OF HAWAII.

## No. 1129.

SUBMISSION UPON AGREED STATEMENT OF FACTS.

ARGUED SEPTEMBER 24, 1918.　　　　　DECIDED SEPTEMBER 27, 1918.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE EDINGS IN PLACE OF QUARLES, J., ABSENT.

STATUTES.

Act 197 of the Session Laws of 1917 extended to every registered voter of the Territory absent from the precinct of his residence on election day by reason of having been called into the military service of his country, either by the governor or the president, the right to vote at one of the polling places provided for by section 2 of said act.

SAME—*construction.*

Statutes which confer or extend the elective franchise should be liberally construed.

OPINION OF THE COURT BY KEMP, J.

The agreed facts upon which this controversy depends are in substance as follows:

James A. Dwight is a resident of the City and County of Honolulu, Territory of Hawaii, and is a duly qualified and registered elector therein with a regular voting place as such elector in the fourth precinct of the fourth district in Honolulu. David Kalauokalani is the duly qualified and acting city and county clerk of the City and County of Honolulu. On or about the 10th day of July, 1918, the said Dwight was inducted into the military service of the United States under and by virtue of the Act of Congress known as the "Selective Service Act" and the said Dwight is now and has been at all times since the said 10th day of July, 1918, in the military service of the United States and is stationed in the military reservation of the United States known as Schofield Barracks on the Island of Oahu. The said city and county clerk has prepared a list of registered electors who have been called into and reported for active service but has included therein only the names of members of the national guard who have been called into and reported for active service and said list does not contain the name of the said Dwight or any other elector who is in the military service of the United States by operation of the said Selective Service Act or voluntary enlistment. The said clerk has refused to include the name of the said Dwight in said list of electors for the reason that the said Dwight was not called into military service as a member of the national guard.

The questions of law arising upon the foregoing agreed statement of facts are stated by the parties as follows:

"That the said James A. Dwight contends, and the said David Kalauokalani as city and county clerk aforesaid, denies, that under and by virtue of the said Act 197 of the Session Laws of 1917, he is entitled to exercise the right of suffrage while absent from the precinct in which

he is registered, by reason of his military service as aforesaid."

"That the said David Kalauokalani, as said city and county clerk, contends, and the said James A. Dwight denies, that under and by virtue of the said Act 197 of the Session Laws of 1917, only members of the national guard who have been called out and reported for duty are entitled, under said Act, to exercise the right of suffrage when absent from the precinct in which they are registered, by reason of their military service."

"That the said James A. Dwight contends, and the said David Kalauokalani as said city and county clerk denies, that all registered electors in military service of the United States, quartered or stationed in any one of the military forts or reservations in the Territory of Hawaii, irrespective of whether he has entered said military service as a member of the national guard, by operation of the Selective Service Act, or otherwise, is entitled to exercise the right of suffrage when absent from the precinct in which he is registered, by reason of his military service."

The relief sought is stated by the parties as follows:

"Wherefore, the parties hereto submit the foregoing agreed statement of fact and the issues at law arising therefrom, and respectfully request of this honorable court a decision on the said questions involved, and should this honorable court rule and find that the name of the said James A. Dwight should be included in the said list or roll of electors entitled to vote at a military reservation, that a proper decree be made, directing the said David Kalauokalani to add the name of the said James A. Dwight to the said list or roll, and the names of all other electors of the city and county of Honolulu similarly situated as regards military service."

Act 197 of the Session Laws of 1917 is entitled "An Act to permit registered voters, while on military service within the Territory of Hawaii, to exercise the right of suffrage when absent from the precinct in which they are registered." Section 1 of said act declares "That no registered voter shall be deprived of his right to vote at any

primary, county, city and county, or general election by reason of his absence from the precinct in which he otherwise would have the right to vote, provided such absence at the time such election is held is caused by being called into the service of the Territory or the United States by virtue of orders issued by either the governor of the Territory of Hawaii, or the president of the United States of America."

The above language sets forth in plain and unmistakable terms the legislative intent that every registered voter should be protected in his right to vote even though on election day such registered voter be absent from his regular voting place, provided only that such absence be caused by his being called into the service of the Territory or the United States by virtue of orders issued by the governor of the Territory or the president of the United States.

The Selective Service Act authorized the president of the United States to draft into the military service of the United States men of certain classes and did not, in the absence of an order issued by the president, operate to call or draft any one into military service. It therefore follows that one inducted into the military service of the United States under and by virtue of the Act of Congress known as the Selective Service Act is in fact called by virtue of an order issued by the president of the United States and is therefore in the class of men mentioned in section 1 of Act 197 Session Laws of 1917, who shall not be deprived of the right to vote by reason of absence from the precinct in which they otherwise would be entitled to vote.

Section 1 above quoted is the only part of the act which deals directly with the question of who is to be permitted to vote at a place other than the one in which he is registered. The remaining sections of the act are devoted to providing the machinery for carrying out the legislative intent as therein expressed.

Section 2 provides that all mobilization grounds of the national guard of the Territory of Hawaii, or all places where such national guard may be congregated on active service are, for the purposes of any primary, county, city and county or general election, polling places within the meaning of all laws of the Territory of Hawaii relative to elections.

By the provisions of section 3 the duty is cast upon the governor of the Territory to appoint at each place at which troops are stationed within the Territory three special inspectors of election for each subdivision of the Territory authorized to choose candidates for office or to elect officers. By the provisions of section 4 it becomes the duty of the adjutant general of the Territory to transmit to the clerks of the several counties within a given time lists of names of members of the national guard who are registered voters of the Territory and have been called into and reported for active service; and also full information as to the voting precincts and districts of such persons and the places where such persons will probably be mobilized or serving at the date of such election. The manner in which the officials named are to procure the information necessary to enable them to perform the duties cast upon them is not pointed out in the act.

Under the provisions of section 6 it becomes the duty of the clerks of the several counties to transmit to the several special inspectors of election to be appointed by the governor under the provisions of the act "official lists of registered electors *who have been called into and reported for active service,* the said lists to contain the names of such registered electors together with their places of residence and precinct and district in which they reside, as shown by the great register." In the performance of this duty the clerks are not informed in what manner they are to procure the information necessary for them to possess in order to perform this duty except insofar as they may procure it from the list furnished them by the adjutant general.

If we consider alone the language used by the legislature in section 1 of the act referred to we can have no doubt that every registered voter who is absent from the precinct in which he resides by reason of having been called into military service, either by the governor or the president, is entitled to his vote unless he be without the Territory. This interpretation of the statute is shaken only by the language used in some of the succeeding sections wherein the national guard seemed to be uppermost in the legislative mind when it came to provide the machinery for taking the soldier vote. For example, polling places are provided only at such places as the national guard is mobilized or stationed and the adjutant general is required to include in the list of names furnished by him to the several county clerks only the names of national guardsmen.

Bearing in mind the rule that statutes which confer or extend the elective franchise should be liberally construed (2 Lewis' Sutherland, 2 ed., p. 1241) we conclude that it was the intention of the legislature to extend to every registered voter of the Territory, absent from the precinct of his residence on election day by reason of having been called into the military service of his country, either by the governor or by the president, the right to vote and that every such person is entitled to vote at one of the polling places provided for by section 2 of said act.

It necessarily follows from what has been said that the city and county clerk of the city and county of Honolulu was not legally justified in his refusal to include the name of the said Dwight in the lists prepared by him for transmission to said special inspectors of elections.

A decree in accordance with this decision may be prepared and when approved by the justices will be entered of record in this cause, and it is so ordered.

*E. J. Botts* and *L. Andrews* for petitioner.

*W. T. Carden* for respondent.

*H. Irwin*, Attorney General, *amicus curiae*.